IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


HELEN TUCKER and MOUND CITY INC.,
a corporation,

      Plaintiffs,

v.                                   Civil Action No. 5:10CV31
                                                 (STAMP)
STEVEN L. THOMAS, THOMAS BRAD SINGLETON,
SCOTT HAIRE, DON PERRY, FRANK BARKER,
ALEXAS INTERTAINMENT, LLC,
KOFFEE SHOP INC., a corporation,
DONNA KITCHEN, KIMBERLY J. CRUPE,
OHIO VALLEY AMUSEMENT COMPANY,
H.E.B. TECH, LLC,[1] STEVEN EVANS,
M.L.H., LLC[2] and KEYSTONE EXPLORATION, LTD.,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS OHIO VALLEY AMUSEMENT COMPANY,**
**DONNA KITCHEN AND KIMBERLY J. CRUPE'S MOTION FOR JOINDER**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR ABSTENTION;**
**DENYING THE PLAINTIFFS' MOTION TO REMAND;**
**DENYING THE PLAINTIFFS' SECOND MOTION**
**TO REMAND BASED ON RULE OF UNANIMITY;**
**DENYING THE PLAINTIFFS' MOTION FOR ABSTENTION;**
**DENYING DEFENDANTS ALEXAS INTERTAINMENT, LLC,**
**FRANK BARKER, STEVEN EVANS, H.E.B. TECH, LLC,**
**SCOTT HAIRE, KEYSTONE EXPLORATION, LTD., M.L.H., LLC,**
**AND THOMAS BRAD SINGLETON'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5);**
**DENYING DEFENDANTS ALEXAS INTERTAINMENT, LLC,**
**FRANK BARKER, STEVEN EVANS, H.E.B. TECH, LLC,**
**SCOTT HAIRE, KEYSTONE EXPLORATION, LTD., M.L.H., LLC,**
**AND THOMAS BRAD SINGLETON'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS DONNA KITCHEN, KIMBERLY J. CRUPE,**
**AND OHIO VALLEY AMUSEMENT COMPANY'S MOTION TO DISMISS;**

---

[1]The defendants believe that the identification of H.E.B. Tech, LLC as a defendant is a misnomer and that the plaintiffs intended to identify H.E.B., LLC.

[2]The defendants believe that the identification of M.L.H. LLC is a misnomer and that the plaintiffs intended to identify MLH Investments, LLC.

**GRANTING DEFENDANTS DONNA KITCHEN, KIMBERLY J. CRUPE,
AND OHIO VALLEY AMUSEMENT COMPANY'S
ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT;
GRANTING IN PART AND DENYING IN PART
AND DENYING IN PART WITHOUT PREJUDICE
DEFENDANT KOFFEE SHOP INC.'S MOTION TO DISMISS AND
REQUIRING THE PLAINTIFFS TO PROVIDE A MORE DEFINITE STATEMENT;
DENYING KOFFEE SHOP INC.'S ALTERNATIVE MOTION TO STAY;
AND SCHEDULING STATUS AND SCHEDULING CONFERENCE**

## I.  Background

The plaintiffs, Helen Tucker and Mound City, Inc., filed a complaint against the defendants in the Circuit Court of Marshall County, West Virginia, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), slander of title, tortious interference, legal malpractice, invasion of privacy, fraud, conversion, and civil conspiracy.  Defendants Thomas Brad Singleton, Scott Haire, Frank Barker, Alexas Intertainment, LLC, H.E.B. Tech, LLC, Steven Evans, M.L.H., LLC removed this civil action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1452.[3]  The defendants maintain that this Court has subject matter jurisdiction over this action because the case is related to a case arising under Title 11 of the United States Code and involving the bankruptcy proceedings pending against Francis Tucker, the son of plaintiff Helen Tucker and former owner of plaintiff Mound City, Inc.  Further, the defendants believe this Court has subject matter jurisdiction under RICO.  One day after the defendants removed this civil action, the plaintiffs filed a

---

[3]These removing defendants and Keystone Exploration, Ltd. appear by special appearance only, without waiving their objections to service of process or any other available defenses.

motion for default judgment against certain defendants, but withdrew that motion on March 23, 2010 because those defendants filed responsive pleadings.

The plaintiffs filed a motion to remand this case to the Circuit Court of Marshall County, West Virginia contending that federal jurisdiction is lacking because the plaintiffs' complaint contains only state law claims and because the defendants failed to file the entire record from the state court proceeding. Two days after filing their motion to remand, the plaintiffs filed a second motion to remand based on the rule of unanimity, stating that all the defendants did not consent to removal within thirty days. Defendant Steven L. Thomas filed a response to the motions to remand.[4] Defendants Alexas Intertainment, Barker, Evans, H.E.B. Tech, Haire, Keystone Exploration, Ltd., and M.L.H. filed a separate response to the motions to remand. Defendant Koffee Shop Inc. filed a response to join in the responses of the other defendants. Defendants Ohio Valley Amusement Company ("OVAC"), Donna Kitchen, and Kimberly J. Crupe also filed a motion to join in the responses of the other defendants. The plaintiffs filed a single reply.

Thereafter, the plaintiffs filed a motion for abstention. Defendants Alexas Intertainment, Barker, Evans, H.E.B. Tech, Haire, Keystone Exploration, and M.L.H. filed a response in opposition.

---

[4]Defendant Thomas later filed an amended response to the plaintiffs' motions to remand.

Defendant Thomas filed a separate response.  Defendants OVAC, Kitchen, and Crupe filed a motion for joinder in opposition to the plaintiffs' motion for abstention.[5]

For the reasons stated below, this Court denies the plaintiffs' motion to remand; denies the plaintiffs' second motion to remand based on the rule of unanimity; denies the plaintiffs' motion for abstention; denies defendants Alexas Intertainment, LLC, Frank Barker, Steven Evans, H.E.B. Tech, LLC, Scott Haire, Keystone Exploration, Ltd., M.L.H., LLC, and Thomas Brad Singleton's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5); denies without prejudice defendants Alexas Intertainment, LLC, Frank Barker, Steven Evans, H.E.B. Tech, LLC, Scott Haire, Keystone Exploration, Ltd., M.L.H., LLC, and Thomas Brad Singleton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); grants in part and denies in part defendants Donna Kitchen, Kimberly J. Crupe, and Ohio Valley Amusement Company's motion to dismiss; grants defendants Donna Kitchen, Kimberly J. Crupe, and Ohio Valley Amusement Company's alternative motion for a more definite statement; grants in part and denies in part and denies in part without prejudice defendant Koffee Shop Inc.'s motion to dismiss, and requires that the plaintiffs provide a more definite statement; and denies the Koffee Shop Inc.'s alternative motion to stay.

---

[5]For good cause shown, defendant OVAC, Kitchen, and Crupe's motion for joinder in opposition to the plaintiffs' motion for remand is GRANTED.

## II.  Applicable Law

### A.  Remand

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  While the removal statute does not explicitly require all defendants to join in the removal, it is well established that in a multi-defendant case, effective removal requires that all defendants consent to removal.  See Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993).  See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900)) and Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349, 427 F.2d 325, 326-327 (5th Cir. 1970)).  The "'rule of unanimity,' as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint."  Martin Oil Co., 827 F. Supp. at 1237.  "Formal or nominal parties do not have to join in the removal;" and thus, are not subject to the rule of unanimity.  Means v. G&C Towing, Inc., 623 F. Supp. 1244, 1245 (S.D. W. Va. 1986).  In the United States Court of Appeals for the Fourth Circuit, if jurisdiction is based on § 1452,

"so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition [is] timely." <u>Creasy v. Coleman Furniture Corp.</u>, 763 F.2d 656, 660 (4th Cir. 1985).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. <u>Id.</u>

B. <u>Abstention</u>

Title 28, United States Code, Sections 1334(c)(1) and 1334(c)(2) provide for both permissive and mandatory abstention to be exercised by district courts in certain situations. Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, <u>related to</u> a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action cannot have commenced in a court of the United States absent jurisdiction under this section, the district court <u>shall abstain</u> from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added). "In other words, a district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court." <u>Wheeling-Pittsburgh Corp. v. Am. Ins. Co.</u>, 267 B.R. 535, 538 (N.D. W. Va. 2001) (quoting <u>Howe v. Vaughan</u>, 913 F.2d 1138, 1142 (5th Cir. 1990)). Courts and commentators have derived five basic factors from the mandatory abstention statute to be employed by district

courts in deciding whether or not to abstain from hearing the claims of a particular case, including whether: (1) a timely motion to abstain has been made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a Title 11 case but is not a core proceeding; (4) the action could not have been commenced in federal court absent jurisdiction under § 1334; and (5) an action is commenced, and can be timely adjudicated, in state court with proper jurisdiction. Id. (citing In re Midgard Corp. v. Kennedy, 204 B.R. 764, 776-79 (BAP 10th Cir. 1997) and Business and Commercial Litigation in Federal Courts, § 45.5 (Robert L. Haig Ed., 1998)).

C.  Equitable Remand

Plaintiffs argue that principles of equitable remand should be applied. Title 28, United States Code, Section 1452 provides, in relevant part:

(a)  A party may remove any claim or cause of action in any civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b)  The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452.

Several factors to be considered in determining whether a remand is appropriate under 28 U.S.C. § 1452(b) include:

whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by

7

a state court; comity; judicial economy; prejudice to
involuntarily removed parties; the effect of bifurcating
the action, including whether remand will increase or
decrease the possibility of inconsistent results; the
predominance of state law issues and non-debtor parties;
and the expertise of the court in which the action
originated.

In re Asbestos Litigation, 271 B.R. 118, 125 (S.D. W. Va. 2001).

D.   Motion to Dismiss Pursuant to 12(b)(5)

A motion to dismiss may be based upon the insufficiency of
service of process under Rule 12(b)(5) of the Federal Rules of
Civil Procedure.  Federal Rule of Civil Procedure 4(c)(1) provides
that the plaintiff is responsible for serving a summons, together
with a copy of the complaint, within the time requirements set
forth under Rule 4(m).  Rule 4(m), in turn, states that a plaintiff
has a 120-day period after the filing of the complaint to effect
service.  A court, however, must extend the time for service where
a plaintiff who has failed to effect service within the prescribed
120-day period after the filing of the complaint shows good cause
for such failure.  Fed. R. Civ. P. 4(m).

E.   Motion to Dismiss Pursuant to 12(b)(6)

In assessing a motion to dismiss for failure to state a claim
under Rule 12(b)(6), a court must accept all well-pled facts
contained in the complaint as true.  Nemet Chevrolet, Ltd. v.
Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009).
However, "legal conclusions, elements of a cause of action, and
bare assertions devoid of further factual enhancement fail to
constitute well-pled facts for Rule 12(b)(6) purposes."  Id.

(citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). A court will decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>,

591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

### III. <u>Discussion</u>

A. <u>Remand</u>

In the notice of removal, the defendants state that this Court has subject matter jurisdiction because the plaintiffs state a claim pursuant to RICO and because this civil action is "related to" a bankruptcy proceeding.  The plaintiffs filed two motions to remand.  The first motion to remand argues that there are no federal issues contained in the complaint and that the defendants failed to file with this Court the entire record from the state court proceeding.  The plaintiffs' second motion to remand is based on the rule of unanimity.

1. <u>Alleged Procedural Defects</u>

The federal statute providing the procedure for removal states that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  Thus, defendant are "not required to file all of the pleadings from the state court proceeding, only those that were served on them." <u>Cook v. Randolph County, Ga.</u>, 573 F.3d 1143, 1150 (11th Cir. 2009).  In this case, the removing defendants were M.L.H., LLC, Scott

Haire, Steven Evans, Alexas Intertainment, LLC, H.E.B. Tech, LLC, Frank Barker, and Thomas Brad Singleton. On February 12, 2010, the Secretary of State accepted service for all of the removing defendants except for Singleton. Pursuant to West Virginia Code § 31D-15-1510, "service of process on a corporation is insufficient when notice or process is mailed using registered or certified mail to an authorized corporation's listed agent by the Secretary of State, is neither accepted or refused by the agent." Syl., <u>Crowley v. Krylon Diversified Brands</u>, 607 S.E.2d 514 (W. Va. 2004). Here, with the exception of Haire, none of the defendants whose service was accepted by the Secretary of State "accepted or refused service."

Moses Presas accepted service on behalf of Scott Haire. For service to be effective on Haire when served upon the Secretary of State, either he or his duly authorized agent must sign the return receipt. W. Va. Code § 56-3-33(c). A person's duly authorized agent is:

> a person who, at the direction of or with the knowledge or acquiescence of a nonresident, engages in such act or acts and includes among others a member of the family of such nonresident or a person who, at the residence, place of business or post office of such nonresident, usually receives and receipts for mail addressed to such nonresident.

W. Va. Code § 56-3-33(e)(1). Scott Haire provided an affidavit to this Court stating that he never directed, authorized, or knowingly acquiesced to Moses Presas' accepting service of process on his behalf. Scott Haire Aff. ¶ 2. It is also asserted that Moses

11

Presas is not a member of his family and does not usually receive and receipt mail addressed to him. Id. at ¶ 3-4. The affidavit shows that Moses Presas is an employee of Keystone Exploration Ltd as an Accounts Payable/Accounting Assistant. Id. at ¶ 5. Finally, the affidavit notes that Haire has no financial or ownership interest in Keystone Exploration, Ltd. and is not an employee, officer, or director of Keystone Exploration, Ltd. Id. at ¶ 6-8. The plaintiffs provide no counter affidavit on this subject. Accordingly, this Court finds that Presas is not a duly authorized agent of Haire. The plaintiffs also argued that the time for personal service on Singleton had not expired, but it has now expired. This Court finds that the plaintiffs failed to sufficiently serve Singleton within 120 days of removal.

Because this Court concludes that the removing defendants were not served before the date of removal, the removing defendants were not required to attach the entire state court record at the time of removal.

Alternatively, even if the removing defendants had been required to attach the entire state court record at the time of removal, this defect does not require remand for two separate reasons. First, the defect in removal of not attaching state court papers is "merely procedural" and "may be cured." Riggs v. Fling Irrigation, Inc., 535 F. Supp. 2d 572, 579 (W.D.N.C. 2008); see also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733, at 350-51 (3d ed. 1998) ("The predominant

view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'"). In this case, the documents listed on the state court docket sheet, but not attached to the notice of removal on the date of removal, include the summonses allegedly served on other defendants, a notice of bona fide defense on behalf of Donna Kitchen and Kimberly Crupe, and a notice of appearance and motion for <u>pro hac vice</u> admission prepared and filed on behalf of the plaintiffs. The removing defendants cured this defect and the plaintiffs have suffered no prejudice.

Secondly, this Court finds that the plaintiffs waived the right to challenge the removal on procedural grounds when they filed their Rule 55(a) Motion for Clerk to Enter Default in this Court. Generally, "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand." <u>Moffit v. Baltimore Am. Mortg.</u>, 665 F. Supp. 2d 515, 517 (D. Md. 2009) (quoting <u>Koehnen v. Herald Fire Ins. Co.</u>, 89 F.3d 525, 528 (8th Cir. 1996)). The plaintiffs argue that this Court should find that they did not waive their right to contest removal because this Court did not grant the motion for default prior to the plaintiffs withdrawing their motion and because the substantive availment by the plaintiffs here does not rise to the level required for waiver. This Court does not agree. An order of default "carries great significance." <u>Riggs v. Plaid Pantries, Inc.</u>, 233 F. Supp. 2d 1260, 1272 (D. Or. 2001). The plaintiffs filed the motion for

default, a memorandum in support of that motion, and a copy of the certificate of service. This Court believes that "the materials demonstrate that the plaintiff[s] expected the court to seriously consider [their] motion and award [them] a favorable result." Id. Accordingly, the plaintiffs' effort to seek affirmative relief from this Court availed them of the jurisdiction of this Court. Accordingly, this Court finds that the plaintiffs waived their right to challenge the removal on procedural grounds.

The plaintiffs also seek remand on the basis that not all defendants consented to removal of this action. As discussed in detail below, this Court finds that this Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1452 as the action is "related to" a bankruptcy proceeding. In the United States Court of Appeals for the Fourth Circuit, if jurisdiction is based on § 1452, "so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition [is] timely." Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). All defendants have now consented to removal and at least one of those defendants removed the case within thirty days. Accordingly, this Court finds that there are no procedural defects in the defendants' motion to remand.

    2.  <u>RICO</u>

The "well-pleaded complaint rule" directs a court "to look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-

question jurisdiction under 28 U.S.C. § 1331." <u>Custer v. Sweeney</u>, 89 F.3d 1156, 1165 (4th Cir. 1996). Under this rule, "the plaintiff is the master of his complaint" and can rely solely on state law if he chooses to avoid federal jurisdiction. <u>Id.</u>

In this case, the plaintiffs state in the opening paragraph of their complaint that the "Defendants' conduct includes, but is not limited to, engaging in a pattern of racketeering activity and operating Defendant Ohio Valley Amusement Company as a criminal enterprise."

The plaintiffs' words clearly recite an alleged cause of action for violation of RICO. There is no corresponding state law statute. Whether the plaintiffs have sufficiently plead a cause of action under the RICO statute is properly addressed in a motion to dismiss rather than a motion to remand. This Court, looking to the plaintiff's complaint, finds that the defendants do have a basis for removing this civil action pursuant to the federal RICO statute.

    3.    <u>"Related to" Jurisdiction</u>

Title 28, United States Code, Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." Title 28, United States Code, Section 1334(b) provides that "the district court shall have original but not exclusive jurisdiction of all

civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) (internal citations omitted). "The 'related to' language of § 1334(b) must be read to give district courts . . . jurisdiction over more than simple proceedings involving the property of the debtor of the estate." Id. The Supreme Court did find, however, that "related to" jurisdiction does have limits. Id. "Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy." Wise v. Travelers Indem. Co., 192 F. Supp. 2d 506, 516 (N.D. W. Va. 2002). Similarly, judicial economy by itself cannot justify "related to" jurisdiction. Id. The Fourth Circuit has adopted the following definition of § 1334 "related to" jurisdiction: "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002, n.11 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986) (adopting the definition set forth in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

The defendants contend that the stock in Mound City, Inc. is an asset within the bankruptcy estate of Francis C. Tucker, the son of plaintiff Helen Tucker. Francis Tucker and his son each owned 50% of the stock in Mound City, Inc. <u>In re Tucker</u>, 2010 WL 4823917, *12 (Bankr. N.D. W. Va. Nov. 22, 2010). In 2008, Francis Tucker and his son transferred their shares of Mound City, Inc. to Helen Tucker, making her the sole shareholder in the company. <u>Id.</u> Francis Tucker, however, continues to operate Mound City, Inc. <u>Id.</u> In making this finding, the bankruptcy court stated that "[t]here is reason to believe that [Francis] Tucker has been engaged in a game of hide-and-seek with his creditors." <u>Id.</u> Furthermore, defendants Alexas Intertainment, LLC ("Alexas") and Ohio Valley Amusement Company ("OVAC") filed a complaint in Francis Tucker's bankruptcy case against Helen Tucker and others seeking to void fraudulent transfers of stock in and assets of Mound City, Inc. Alexas and OVAC filed a motion for partial summary judgment in the bankruptcy action in which Alexas and OVAC asked the bankruptcy court to find that fraudulent transfers involving Mound City, Inc. occurred. The bankruptcy court granted Alexas and OVAC's motion, stating that Francis Tucker, Helen Tucker, and others did not object to the motion.

The plaintiffs argue that the relationship between this civil action and Francis Tucker's bankruptcy proceeding is too distant for this Court to exercise "related to" jurisdiction. They argue that Francis Tucker is not a party in this case and there is no

direct relationship between the two cases. At the time of the filing of the remand motion, the plaintiffs stated that Francis Tucker was contesting the involuntary bankruptcy proceeding and the question remained open whether the proceeding would move forward. Since the time of the filing of the motion, the bankruptcy court allowed the proceeding to move forward. <u>Tucker</u>, 2010 WL 4823917.

After considering the applicable law, this Court is unconvinced that a judgment against the defendant wills not affect the Francis Tucker bankruptcy estate. This Court is not persuaded by the plaintiffs' arguments. Given the bankruptcy court's ruling that the transfer of the Mound City, Inc. stock from Francis Tucker to Helen Tucker was fraudulent after the Tuckers conceded that point and the court's observation that Francis Tucker has been "engaged in a game of hide and seek" with his creditors, this Court finds that this action could alter the debtors' rights and liabilities and impacts upon the handling and administration of Francis Tucker's bankruptcy estate. Accordingly, this Court finds that it has subject matter jurisdiction over this action pursuant to the "related to" provisions of 28 U.S.C. § 1334(b).

B.  <u>Abstention</u>

The plaintiffs next argue that, even if this Court has jurisdiction under the "related to" provisions, this Court must abstain pursuant to 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon
> a State law claim or State law cause of action, related

18

> to a case under title 11 but not arising under title 11
> or arising in a case under title 11, with respect to
> which an action could not have been commenced in a court
> of the United States absent jurisdiction under this
> section, the district court shall abstain from hearing
> such proceeding if an action is commenced, and can be
> timely adjudicated, in a State forum of appropriate
> jurisdiction.

28 U.S.C. § 1334(c)(2). The plaintiffs argue that this section is implicated because: (1) the plaintiffs have timely moved for abstention; (2) the proceeding is based upon a state law claim; (3) if the proceeding is "related to" a title 11 proceeding, it is not a core proceeding; (4) the action could not have commenced in federal court absent jurisdiction under § 1334; and (5) the action can be timely adjudicated in a state forum.

After a review of the applicable law, this Court finds that mandatory abstention is not available in this case. As mentioned above, this proceeding is based partly upon RICO. Therefore, while the plaintiffs did assert state law claims in their complaint, the proceeding is not one which is based upon a state law claim.

This Court notes, however, that these proceedings are still subject to discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1). <u>A.H. Robins</u>, 788 F.2d at 1010 n.14. Section 1334(c)(1) states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). In

analyzing whether permissive abstention is appropriate, a court should consider the following factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

Blanton v. IMN Fin. Corp., 260 B.R. 257, 265 (M.D.N.C. 2001) (citations omitted).

This Court finds that permissive abstention is not appropriate in this case. First, this proceeding is not based solely on issues of state law that would be better addressed by a state court. Secondly, while this case was filed in the state court, as this Court discusses below, it is too early for this Court to determine whether Francis C. Tucker is the real party in interest in this case. The bankruptcy court in this district has allowed the involuntary bankruptcy proceeding against him to proceed and the appeal of that decision is currently before this Court. This Court exercising jurisdiction over this civil action will not hinder the economical use of judicial resources. This Court has found that this case, at a minimum, is related to Francis Tucker's bankruptcy and could have a significant impact on the administration of the bankruptcy estate. This Court further believes that there are no

questions of state law that would be better addressed by the state court.  Given these circumstances, this Court finds that permissive abstention is not appropriate in this case.

C.    <u>Equitable Remand</u>

The plaintiffs argue that the facts also support equitable remand under 28 U.S.C. § 1452(b).  This section states that the court to which a bankruptcy-related claim is removed "may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  Courts have noted that the factors for judging the propriety of permissive abstention are essentially identical to the factors articulated for determining the propriety of remand under 28 U.S.C. § 1452(b).  <u>Blanton</u>, 260 B.R. at 265 n.5.  Thus, this Court's analysis under § 1452(b) reaches the same conclusion -- federal jurisdiction is appropriate.

D.    <u>Motions to Dismiss</u>

1.    <u>Alexas Intertainment, LLC, Frank Barker, Steven Evans, H.E.B. Tech, LLC, Scott Haire, Keystone Exploration, Ltd., M.L.H., LLC, and Thomas Brad Singleton</u>

These defendants filed a motion to dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6).  As a preliminary matter, the plaintiffs contend that the defendants should have raised their Rule 12(b)(5) defense in the notice of removal.  This Court does not agree.  The Federal Rules of Civil Procedure require that a defendant raise insufficient process in the first responsive pleading.  Fed. R. Civ. P. 12(h).  A notice of removal is not a responsive pleading.

These defendants first argue that this civil action should be dismissed as to them for insufficient service of process. The plaintiffs bear the burden of showing that they properly served these defendants. Ballard v. PNC Fin. Servs. Grp., 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009). Rule 4 provides that a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). As discussed above, with the exception of defendant Haire, none of these defendants whose service was accepted by the Secretary of State "accepted or refused service." Therefore, pursuant to West Virginia Code § 31D-15-1510, service upon these defendants, with the exception of Haire and Singleton, was insufficient. After these defendants removed this civil action, federal law began to govern the proceeding. Granny Goose Foods, Inc. v. Teamsters Local 70, 415 U.S. 423, 437 (1974). From the date of removal, the plaintiffs had an additional 120 days to serve the defendants pursuant to Rule 4(m). Wallace v. Microsoft Corp., 596 F.3d 703,707 (10th Cir. 2010). In addition, as discussed above, the plaintiffs failed to sufficiently serve Singleton within 120 days from removal. Rule 4 states that if a defendant is not served within 120 days after the notice of removal is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As to defendant Haire, this Court found above that service was insufficient because neither he, nor his duly authorized agent signed the return receipt as is required by West Virginia law. W. Va. Code § 56-3-33(c). In this situation, this Court has the discretion "to dismiss the action or to retain the case but quash the service that has been made on defendant." Ballard, 620 F. Supp. 2d at 735 (quoting Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005)).

Rather than dismiss this action, this Court quashes the service that has been made on defendant Haire. Also, rather than dismiss this action without prejudice against the other defendants for insufficient service, this Court will extend the time for service. The plaintiffs have 90 days from the issuance of this order to serve these defendants.[6] Because this Court will allow the plaintiffs to serve these defendants within 90 days, the defendants' motion to dismiss pursuant to 12(b)(5) is denied. Furthermore, this Court will deny without prejudice those defendants' motion to dismiss pursuant to 12(b)(6) subject to refiling after proper service of process has been made on these defendants within the 90 day period.

---

[6]The plaintiffs have not served defendant Perry and he has not made a special appearance in this case. This Court will allow the plaintiffs 90 days from the issuance of this order to serve defendant Perry.

2.  <u>Donna Kitchen, Kimberly L. Crupe, and Ohio Valley
    Amusement Company</u>

In their complaint, the plaintiffs assert eight causes of
action, only one of which arises under federal law.  For the
reasons set forth below, this Court grants these defendants' motion
to dismiss the RICO claim, denies these defendants' motion to
dismiss the state law claims, and grants these defendants'
alternative motion for a more definite statement.

The plaintiffs state the following in the opening paragraph of
their complaint:

> Defendants' conduct includes, but is not limited to,
> engaging in a pattern of racketeering activity and
> operating Defendant Ohio Valley Amusement Company as a
> criminal enterprise.

The plaintiffs state that the above paragraph, which restates
the elements of a federal RICO claim, was not meant to assert a
RICO claim.  Federal Rule of Civil Procedure ("Rule") 8(a)(2)
requires that a pleading contain a "short and plain statement of
the claim showing that the pleader is entitled to relief."  Rule 8
does not require "detailed factual allegations," but a "pleading
that offers 'labels and conclusions' or 'formulaic recitation of
the elements of a cause of action will not do.'"  <u>Ashcroft v.
Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v.
Twombly</u>, 550 U.S. 544, 570 (2007)).  A complaint that offers merely
"'naked assertion[s]' devoid of 'further factual enhancement'" will
not suffice.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557).

The sentence at issue in the opening paragraph of the plaintiffs' complaint does not state a federal RICO cause of action. That lone sentence is simply a formulaic recitation of the elements of that cause of action. Nowhere in the facts section of the complaint or in the causes of action, do the plaintiffs allege a violation of the RICO statute or again state the elements of the claim. Even if the plaintiffs had not abandoned the RICO claim, the plaintiffs have failed to plead a RICO cause of action. Accordingly, these defendants' motion to dismiss as to the RICO claim is granted.

The seven state law causes of action alleged by the plaintiffs are slander of title, tortious interference, legal malpractice, invasion of privacy, fraud, conversion, and civil conspiracy. Defendants Kitchen, Crupe, and OVAC move to dismiss all of these counts, with the exception of the legal malpractice claim, which is brought solely against defendant Thomas. This Court holds that because the plaintiffs have plead sufficient facts as to the state law claims under Rule 8 of the Federal Rules of Civil Procedure, the complaint may proceed at this time, however, as discussed below, this Court, pursuant to Rule 12(e), requires the plaintiffs to provide a more definite statement of each of its claims on or before **April 14, 2011**.

In their complaint, the plaintiffs contend that the defendants committed slander of title when they caused notices of lis pendens to be filed on the plaintiffs' property. Slander of title is a

recognized cause of action in West Virginia. <u>TXO Production Corp.</u>
<u>v. Alliance Resources Corp.</u>, 419 S.E.2d 870, 879 (W. Va. 1992). To
prove a claim of slander of title the plaintiff must establish the
following elements: "(1) publication of; (2) a false statement; (3)
derogatory to plaintiff's title; (4) with malice; (5) causing
special damages; and (6) as a result of diminished value in the
eyes of third parties." <u>Id.</u>

A review of the complaint reveals that the plaintiffs have
barely met their obligation to provide the grounds for relief under
<u>Twombly</u> and <u>Iqbal</u>. Here, the plaintiffs have plead facts
sufficient to state a claim for slander of title, particularly that
the defendants recorded notices of lis pendens to be filed in
Marshall County against the plaintiffs' real property and that the
Circuit Court of Marshall County, West Virginia ruled that the
defendants improperly filed these notices. The defendants' motion
to dismiss this Count, therefore, is denied. However, the
plaintiffs must provide a more definite statement. The complaint
does not state how each defendant is involved in this count or
provide any dates for the notices.

The plaintiffs next allege that the defendants tortiously
interfered with contractual relationships that existed between the
plaintiffs and eleven separate parties. To establish a prima facie
case of tortious interference, a plaintiff must prove the following
elements: "(1) existence of a contractual or business relationship
or expectancy; (2) an intentional act of interference by a party

outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 2, <u>Torbett v. Wheeling Dollar Savs. & Trust Co.</u>, 314 S.E.2d 166 (W. Va. 1983).

Again, the plaintiffs have barely satisfied the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as recognized under <u>Twombly</u> and <u>Iqbal</u>. The plaintiffs allege that they had contractual relationships with at least eleven third parties and that the defendants intentionally interfered in those relationships. Accordingly, the defendants' motion to dismiss is denied as to this count. However, the plaintiffs' more definite statement should identify the other third parties the plaintiffs reference when they state that the eleven third parties were "not limited to" those mentioned in the complaint. The plaintiffs should give circumstances as to how the parties interfered with the relationships with the third parties. The plaintiffs should also assert the relationships that they had or intended to have with each third party.

The plaintiffs allege that defendant Kitchen caused plaintiff Mound City, Inc.'s mail to be opened and that act constituted an invasion of privacy. In West Virginia, an invasion of privacy includes: "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before

the public."  Syl. pt. 8, <u>Crump v. Beckley Newspapers, Inc.</u>, 320
S.E.2d 70 (W. Va. 1983).

The plaintiffs' complaint, again, barely passes muster under
<u>Twombly</u> and <u>Iqbal</u> and a more definite statement is required.
First, the plaintiffs do not state which branch of invasion of
privacy the defendants violated.  Secondly, the plaintiffs should
state more specifically how defendant Kitchen caused plaintiff
Mound City, Inc.'s mail to be opened and when this allegedly
occurred.  The plaintiffs also need to be more specific about how
the other defendants caused the plaintiffs' mail to be opened and
how the defendants acted "collectively."

The plaintiffs next allege that the defendants engaged in a
scheme or artifice to defraud the plaintiffs.  Under West Virginia
law, the essential elements in an action for fraud are as follows:
"(1) that the act claimed to be fraudulent was the act of the
defendant or induced by him; (2) that it was material and false;
that plaintiff relied upon it and was justified under the
circumstances in relying upon it; and (3) that he was damaged
because he relied upon it."  Syl. Pt. 5, <u>Kidd v. Mull</u>, 595 S.E.2d
308 (W. Va. 2004).

The plaintiffs have sufficiently plead a claim for fraud under
the heightened pleading standard of Rule 9(c), stating that the
defendants converted stock of Koffee Shop Inc., instructed Regis
Molyneaux not to pay rent to the plaintiffs, instructed Koffee Shop
Inc. not to pay rent to the plaintiffs, committed the tort of

slander against the plaintiffs' property, tortiously interfered with the plaintiffs' business relationships, converted the plaintiffs' property to their own use, and instructed OVAC not to pay rent, which caused Mound City, Inc. to go into default with three banks. However, the plaintiffs must, as with the other claims, provide a more definite statement, which needs to describe the "scheme or artifice to defraud" as to the alleged fraud listed in the complaint and provide dates and circumstances. The plaintiffs should state what "other ways," if any, the defendants committed fraud. The plaintiffs should state how they have been damaged and by whom.

The plaintiffs also allege that the defendants converted the plaintiffs' personal properly to their own use, including, but not limited to, office equipment and supplies. "Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use." Syl. pt. 17, <u>Rodgers v. Rodgers</u>, 399 S.E.2d 664 (W. Va. 1990).

Again, this Court finds that the complaint barely survives under <u>Twombly</u> and <u>Iqbal</u>. Because of the general nature of the allegations, this Court requires the plaintiffs to provide a more definite statement in which they describe how and when each defendant, individually or collectively, engaged in conversion. They should provide dates and circumstances including what personal

property other than office equipment and supplies allegedly were converted. Furthermore, the plaintiffs should identify what equipment and supplies were allegedly converted.

The plaintiffs' final claim against the defendants is a claim for civil conspiracy. The plaintiffs allege that the defendants engaged in a conspiracy to deprive the plaintiffs of their property by committing the tort of slander of title, tortiously interfering with the plaintiffs' business relationships, defrauding the plaintiffs by committing the tort of invasion of privacy, and converting the plaintiffs' property to their own use. In West Virginia, a "civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." Syl. pt. 8, <u>Dunn v. Rockwell</u>, 689 S.E.2d 255 (W. Va. 2009). The wrongful acts done by the defendants to the injury of the plaintiffs, not the conspiracy, creates the cause of action. <u>Id.</u> A civil conspiracy "is not a <u>per se</u>, stand-alone cause of action." Syl. pt. 9, <u>Id.</u> In other words, a "conspiracy is not, itself, a tort. It is the tort, and each tort, not the conspiracy, that is actionable." <u>Dunn</u>, 689 S.E.2d at 269 (quoting <u>Segall v. Hurwitz</u>, 339 N.W.2d 333, 338 (Wis. App. 1983)).

While the plaintiffs' complaint does state a claim for civil conspiracy, they need to provide this Court with a more definite statement. The statement should describe how and when the defendants engaged in civil conspiracy as alleged in paragraph 56

of the complaint and more fully describe these acts as a "conspiracy."

   3.   Koffee Shop Inc.

Defendant Koffee Shop Inc. filed a motion to dismiss pursuant to Rule 12(b)(6).  For the reasons stated in the above section, this Court grants Koffee Shop Inc.'s motion to dismiss the RICO cause of action, and denies Koffee Shop Inc.'s motion to dismiss the state law claims, but requires the plaintiffs to provide a more definite statement pursuant to Rule 12(e) on or before **April 14, 2011**.[7]

In its motion to dismiss, Koffee Shop Inc. contends that Francis C. Tucker is the real party in interest and that Mound City, Inc. is simply serving as a mere alter ego of Francis Tucker. Koffee Shop Inc. also argues that Francis Tucker is an indispensable party.  At this time, this Court cannot state whether Francis C. Tucker is the real party in interest or whether he is an indispensable party.  Accordingly, the motion to dismiss is denied without prejudice on the basis that Francis Tucker is the real party in interest or an indispensable party with leave to refile after appropriate discovery has occurred.

Koffee Shop Inc. requests in the alternative that this Court stay this action pending final adjudication of the claims before

---

[7]Koffee Shop Inc., in its reply to its motion to dismiss, stated that it joins in each and every reply or response filed by any other defendant.  This Court construes this statement to include defendant OVAC, Kitchen, and Crupe's alternative motion for a more definite statement.

31

the United States Bankruptcy Court and the Circuit Court of Brooke County, West Virginia. Koffee Shop Inc. argues that the other two actions could result in the putative claims of Helen Tucker and Mound City, Inc. being lost either as a result of the assets being made a part of Francis Tucker's bankruptcy estate or the transfers to Helen Tucker being ruled to have been void under the Uniform Fraudulent Transfers Act. This Court does not agree that a stay is appropriate in this civil action and must deny this alternative motion.

E.    Status and Scheduling Conference

This Court believes that it would be beneficial to conduct a status and scheduling conference in this civil action. Accordingly, it is ORDERED that the parties appear by counsel for a status and scheduling conference on **April 18, 2011 at 2:15 p.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.

The Court will permit those out-of-town attorneys having their offices further than forty miles from the point of holding court to participate in the conference by telephone. However, any such attorney shall advise the Court as soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such

attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

## IV. <u>Conclusion</u>

For the reasons stated above, this Court GRANTS defendants Ohio Valley Amusement Company, Donna Kitchen, and Kimberly J. Crupe's motion for joinder in opposition to plaintiffs' motion for abstention (Document No. 54); DENIES the plaintiff's motion to remand (Document No. 8); DENIES the plaintiffs' second motion to remand based on rule of unanimity (Document No. 11); DENIES the plaintiff's motion for abstention (Document No. 41); DENIES defendants Alexas Intertainment, LLC, Frank Barker, Steven Evans, H.E.B. Tech, LLC, Scott Haire, Keystone Exploration, Ltd., M.L.H., LLC, and Thomas Brad Singleton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (Document No. 18); DENIES defendants Alexas Intertainment, LLC, Frank Barker, Steven Evans, H.E.B. Tech, LLC, Scott Haire, Keystone Exploration, Ltd., M.L.H., LLC, and Thomas Brad Singleton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 18); GRANTS IN PART and DENIES IN PART defendants Donna Kitchen, Kimberly J. Crupe, and Ohio Valley Amusement Company's motion to dismiss (Document No. 26); GRANTS defendants Donna Kitchen, Kimberly J. Crupe, and Ohio Valley Amusement Company's alternative motion for

a more definite statement (Document No. 26); GRANTS IN PART and DENIES IN PART and DENIES IN PART WITHOUT PREJUDICE defendant Koffee Shop Inc.'s motion to dismiss (Document No. 28), and requires that the plaintiffs provide a more definite statement; and DENIES defendant Koffee Shop Inc.'s alternative motion to stay (Document No. 28).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED:    March 24, 2011


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE