IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


HELEN TUCKER and MOUND CITY INC.,
a corporation,

        Plaintiffs,

v.                                      Civil Action No. 5:10CV31
                                                         (STAMP)
STEVEN L. THOMAS, THOMAS BRAD SINGLETON,
SCOTT HAIRE, DON PERRY, FRANK BARKER,
ALEXAS INTERTAINMENT, LLC,
KOFFEE SHOP INC., a corporation,
DONNA KITCHEN, KIMBERLY J. CRUPE,
OHIO VALLEY AMUSEMENT COMPANY,
H.E.B. TECH, LLC,[1] STEVEN EVANS,
M.L.H., LLC[2] and KEYSTONE EXPLORATION, LTD.,

        Defendants.


                **MEMORANDUM OPINION AND ORDER
                DENYING MOTION JOINT MOTION TO STAY AND
                SCHEDULING STATUS AND SCHEDULING CONFERENCE**

                         I. Background

    The plaintiffs, Helen Tucker and Mound City, Inc., filed a complaint against the defendants in the Circuit Court of Marshall County, West Virginia, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), slander of title, tortious interference, legal malpractice, invasion of privacy, fraud, conversion, and civil conspiracy. Defendants Thomas Brad Singleton, Scott Haire, Frank Barker, Alexas Intertainment, LLC, H.E.B. Tech, LLC, Steven Evans, M.L.H., LLC

---

    [1]The defendants believe that the identification of H.E.B. Tech, LLC as a defendant is a misnomer and that the plaintiffs intended to identify H.E.B., LLC.

    [2]The defendants believe that the identification of M.L.H. LLC is a misnomer and that the plaintiffs intended to identify MLH Investments, LLC.

removed this civil action to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1452.[3]  Following removal, the plaintiffs filed multiple motions for remand and abstention, but this Court found that it has jurisdiction over this case based upon its relationship to ongoing bankruptcy proceedings regarding the bankruptcy estate of Francis Tucker, plaintiff Helen Tucker's son.  This Court also declined to exercise permissive abstention.  Further, in the same memorandum and opinion, this Court denied multiple motions to dismiss, and directed the plaintiffs to file a more definite statement.  The plaintiffs complied by filing an amended complaint.

In response to the amended complaint, all defendants except for defendant Steven L. Thomas filed renewed motions to dismiss, which are pending.  Additionally, all defendants except for defendant Thomas also filed a joint motion to stay this case pending this Court's resolution of the motions to dismiss and final adjudication of the ancillary bankruptcy proceedings involving Francis Tucker, currently pending before the United States Court of Appeals for the Fourth Circuit.

The plaintiffs originally opposed the motion stay, but later withdrew their opposition, and all parties filed a motion to stay proceedings and for entry of a new scheduling order in order to allow the parties to engage in discovery on remaining issues after this Court rules on pending motions.  For the reasons that follow,

---

[3]These removing defendants and Keystone Exploration, Ltd. appear by special appearance only, without waiving their objections to service of process or any other available defenses.

2

the parties' joint motions to stay are denied, but the parties' joint motion for a new scheduling order will be granted, and a status and scheduling hearing will be held in this case with regard to that motion.

## II. Applicable Law

It is well settled law that federal district courts possess the ability to, under their discretion, stay proceedings before them when the interests of equity so require. <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 125 (4th Cir. 1983). While no such power has been expressly promulgated by statute or by the Federal Rules of Civil Procedure, it is inherent within the courts' "general equity powers and in the efficient management of their dockets to grant relief." <u>Id.</u> Still, this power is not unfettered. A party seeking a stay must sustain the heavy burden of justifying it by showing that clear and convincing circumstances support a stay. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936). Further, the Court must weigh the equities when deciding whether to grant a stay, and must also consider the interests of judicial economy and the desire for "the orderly and expeditious disposition of cases." <u>See</u> <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630 (1962).

## III. Discussion

The parties request for a stay relies upon two bases which the parties believe justify a stay in this case. First, they argue that this Court's determinations of the pending motions to dismiss

could drastically alter the issues in the case, thus there is the potential that the Court's rulings could make discovery in which the parties engaged during the pendency of the motions largely futile. Further, the parties argue, that because the discovery deadline in the April 18, 2011 scheduling order has passed, failure to stay the case or issue a new scheduling order would preclude the parties from taking any discovery in response to any rulings that this Court makes on the pending motions.

As a second basis for the motion to stay, the original moving defendants argue that Francis Tucker is a real party in interest in this case, and thus any judgment that could be awarded implicates Mr. Tucker's bankrupt estate, which is still open and subject to litigation on appeal. As a result, these defendants request that this case be stayed until such time that the Fourth Circuit enters its ruling on the Tucker bankruptcy appeal.

This Court does not believe that a showing has been sufficiently made to demonstrate by clear and convincing evidence that a stay should be granted in this case. That discovery may take place regarding issues that rulings of this Court may later dismiss, is not an abnormal occurrence during the course of litigation in most cases, and is insufficient grounds upon which to stay an entire civil action. Further, this case has been pending for nearly two years, and this Court believes that it would be most beneficial for it to continue to move forward toward resolution, rather than to delay it further. This Court has no way of

4

determining when the bankruptcy appeal of the bankrupt estate of Francis Tucker may be finally determined, and such an open-ended stay would strongly frustrate the interests of efficient resolution of this case. This Court must weigh all interests in deciding whether to grant a stay, and such a determination is within this Court's inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630.

However, this Court does find that the parties have shown good cause to amend the scheduling order in this case. Because the parties did not provide a proposed amended scheduling order or a time-line upon which they believe that they can operate with regard to an extended discovery period, this Court believes that it would be beneficial to conduct a status and scheduling conference. Accordingly, it is ORDERED that the parties appear by counsel for a status and scheduling conference on **February 3, 2012 at 10:00 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.

The Court will permit those out-of-town attorneys having their offices further than forty miles from the point of holding court to participate in the conference by telephone. However, any such attorney shall advise the Court as soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone;

(2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

## IV. Conclusion

For the reasons stated above, defendants Thomas Brad Singleton, Scott Haire, Don Perry, Frank Barker, Alexas Intertainment, LLC, H.E.B., LLC, Steven Evans, MLH Investments, LLC, Keystone Exploration, Ltd., Koffee Shop Inc., Donna Kitchen, Kimberly Crupe and Ohio Valley Amusement Company's, motion to stay is DENIED (ECF No. 110). Further, the parties joint motion to stay proceedings and motion for entry of new scheduling order and request for expedited hearing/consideration (ECF No. 146) is DENIED IN PART insofar as it requests a stay. The parties shall appear before this Court as stated above for a status and scheduling conference regarding this motion insofar as it requests an amended scheduling order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED:      January 27, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE